HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TED LANDGREBE, JR.,

    Plaintiff,

v.

DIAMOND K, INC., TIFFANY ROSE, LLC, and DOUG CHANEY, in personum; the F/V TIFFANY ROSE, Official Number 281914, her engines, achinery, appurtenances and cargo, in rem;

    Defendants.

Case No. C04-5266  RBL

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This seaman's personal injury case was tried to the Court on May 23, 2005. Based on a preponderance of the more credible evidence, the Court hereby enters findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. At all times material hereto, plaintiff Ted Landgrebe was a resident of the State of Washington and was employed by defendant Diamond K, Inc., as a seaman aboard the F/V TIFFANY ROSE, a vessel in navigation in the navigable waters of the United States.

2. At all times material hereto, defendant Tiffany Rose, LLC, a Washington corporation, was the owner of the F/V TIFFANY ROSE. Defendant Diamond K, Inc. ("Diamond K"), a Washington corporation, was the operator of said vessel. Defendant Doug Chaney, a resident of Pierce County, Washington, was the master of said vessel and the sole shareholder of Tiffany Rose LLC and Diamond K.

3. In March 2003, Mr. Chaney, on behalf of Diamond K, hired plaintiff to work as a crew

1 member aboard the F/V TIFFANY ROSE for the Southeast Alaska herring spawn-on-kelp fishery.

2 Plaintiff asked Mr. Chaney for permission to allow his girlfriend, Rebecca Winthrow, to accompany him on

3 the voyage as a passenger. Mr. Chaney agreed.

4     4. During the voyage, Mr. Chaney observed plaintiff and Ms. Winthrow embroiled in a heated

5 argument on the vessel. Mr. Chaney separated the two and ordered them to sleep in separate quarters.

6 Thereafter, plaintiff began behaving erratically and deliberately shirked his responsibilities as a crew

7 member.

8     5. On the evening of April 6, 2003, the vessel arrived in Wrangell, Alaska, after having

9 completed the herring fishery in Craig. Mr. Chaney left the vessel to take a shower in a motel room in

10 town. Plaintiff remained on the vessel and was extremely agitated over his troubles with Ms. Winthrow.

11 Plaintiff made the decision to quit his employment on the vessel and proceeded to pack all of his

12 belongings.

13     6. Mr. Chaney returned to the vessel in the early morning hours of April 7 at the urging of

14 James Porter who witnessed plaintiff behaving erratically. Plaintiff reported to Mr. Porter that plaintiff

15 called the Coast Guard and falsely reported drugs on board the vessel.

16     7. When Mr. Chaney returned to the vessel plaintiff was in the galley. Plaintiff informed Mr.

17 Chaney that he was quitting. Mr. Chaney responded by asking plaintiff to leave the vessel. Plaintiff

18 approached Mr. Chaney in a threatening manner and replied that he was not going to leave the vessel until

19 Mr. Chaney gave him money to return to Washington. Given plaintiff's refusal to leave the vessel and

20 plaintiff's threatening behavior, Mr. Chaney took plaintiff by the lapels and walked him out of the galley

21 onto the back deck of the vessel.

22     8. After the season, Diamond K received a Notice of Levy from the IRS regarding plaintiff's

23 federal tax deficiency. The notice instructed Diamond K to "turn over to [the IRS] this person's property

24 and rights to property (such as money, credits, and bank deposits) that you have or which you are

25 obligated to pay this person." Diamond K responded to the notice by paying plaintiff's crew share for the

26 2003 season to the IRS.

27     9. The plaintiff has failed to meet his burden to show that defendant acted "willfully and with

28 intent to deprive the employee of any part of his wages . . ." pursuant to RCW 49.52.050 by withholding

plaintiff's crew share during the time he removed himself from the area without leaving defendants a forwarding address.

10. Plaintiff is entitled to his wages as stipulated to in the amount of $603.90.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1333(1) and within Fed. R. Civ. P. 9(h).

2. Plaintiff has failed to meet his burden of proof that he sustained any injury in the confrontation with Mr. Chaney.

3. Plaintiff is not entitled to any maintenance and cure.

4. Diamond K's payment of plaintiff's crew share for the 2003 herring season to the IRS in response to a notice of levy does not constitute a wrongful withholding of wages.

5. Plaintiff is not entitled to relief for payment of his travel expenses from Alaska to Washington under A.S. 23.10.380, or under the General Maritime Common Law of Repatriation.

6. Plaintiff is not entitled to monetary relief in this action for his claim for unemployment benefits under Washington law.

7. Plaintiff is not entitled to monetary relief under RCW 49.52.050 and 070.

8. Plaintiff is entitled to his wages as stipulated to in the amount of $603.90.

9. Plaintiff is entitled to his costs as taxed by the clerk; however, plaintiff is not entitled to attorneys' fees.

DATED this 24th day of May, 2005

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE